UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zelophean Bobby Copeland, Jr., # 337009, | ) **C/A No. 2:11-0751-JMC-BHH** |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Spartanburg Judicial Center, *Judgments, County Court house*; <br> Spartanburg Public Defender Office, *Person in Charge*; <br> Spartanburg Solicitor Office, *Person in Charge*; <br> County of Spartanburg, *Referring to the state, county or the living person in charge*, | ) |
| Defendants. | ) |

## *Background of this Case*

Plaintiff is an inmate at the Allendale Correctional Institution of the South Carolina Department of Corrections. The South Carolina Department of Corrections website (www.doc.sc.gov) reveals that he is serving a sentence of fifteen years, five months, and fourteen days for second-degree burglary. The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that his civil rights action arises out of Plaintiff's guilty plea and sentence. Plaintiff alleges that he pled guilty, pursuant to a plea bargain. According to Plaintiff, the plea bargain stated that he would receive a sentence of five years in prison plus five years probation. When Plaintiff entered the South Carolina Department of

1

Corrections, he was told that he had "15 years to do." In his prayer for relief, Plaintiff seeks $350,000 from each Defendant.

*Discussion*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even under this less stringent standard, the *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Since Plaintiff is challenging criminal proceedings which resulted in his conviction and fifteen-year sentence, this case is subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or

> called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-48 (footnote omitted).

The Public Defender's office and its head person are subject to summary dismissal because they have not acted under color of state law.  In order to state a cause of action less than 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).  An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender).  *See also Vermont v. Brillon*, 173 L.Ed.2d 231, 129 S.Ct. 1283, 1286 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.").

The Office of the Solicitor and the Head Solicitor are subject to summary dismissal because of prosecutorial immunity.  In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors.  *See* S.C. Const. Article V, § 24; and S.C. Code Ann.

§ 1-7-310. Solicitors are elected by voters of a judicial circuit. Prosecutors — such as the Solicitor for the Seventh Judicial Circuit and any Assistant Solicitors — have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, 172 L.Ed.2d 706, 129 S.Ct. 855, 861 (2009) ("we have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant"); *Kalina v. Fletcher,* 522 U.S. 118 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Moreover, prosecutorial immunity will extend to any post-conviction or habeas corpus case. *Rice v. Nat'l Security Council*, 244 F. Supp. 2d 594, 602 (D.S.C. 2001).

The "lead" defendant, the Spartanburg County Judicial Center, is a building complex. Buildings cannot be sued pursuant to 42 U.S.C. § 1983. *Jones v. Lexington County Detention Center*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008).

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the Notice on the next page.

s/Bruce Howe Hendricks  
United States Magistrate Judge

April 4, 2011  
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).